UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNA PLOSS<br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF<br>STATE POLICE<br>    Defendant. | CIVIL ACTION NO:<br>1:23-CV-13236-DLC |

### DEFENDANT MASSACHUSETTS DEPARTMENT OF STATE POLICE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The Defendant Massachusetts Department of State Police ("Department") pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, submits this memorandum in support of its Motion to Dismiss. All claims against the Department should be dismissed because: (1) this Court has no jurisdiction to adjudge Plaintiff's state negligence claims against the Department under the Eleventh Amendment, (2) the Department is not a "person" subject to suit under 42 U.S.C. §1983, and (3) Plaintiff failed to timely serve the Department within 90 days after the complaint was filed.

**I.    INTRODUCTION**

The Plaintiff, Dianna Ploss' ("Plaintiff") complaint alleges three counts against the Department stemming from the conduct of third parties during a rally in Swampscott, MA on January 2, 2021.  Specifically, the Plaintiff alleges that several protestors committed an assault and battery upon her at the 2021 rally, and the Department failed to intervene and protect her. The Plaintiff filed a complaint in this court alleging a violation of 42 U.S.C. §1983 against the Department (Count I).  Plaintiff further alleges a count of general Negligence (Count II) as well

as a claim for Negligent Infliction of Emotional Distress (Count III), both against the Department. Both negligence counts were filed against Defendant under the provisions of M.G.L. c. 258 (the Massachusetts Tort Claims Act).

## II. STATEMENT OF FACTS

The facts alleged in the Complaint are taken as true for purposes of this motion only. Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009). See Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-36 (2008), quoting Bell Atlantic v. Twombly, 550 U.S. 544, 554-555 (2007).

On January 2, 2021, Plaintiff attended a rally (protest) located directly across the street from former Massachusetts Governor Charles Baker's ("Governor Baker") home in Swampscott, MA. (Complaint ¶ 8-9.) A group of unidentified individuals, referred to as the "Crowd", approached Plaintiff knocking her tripod and camera to the ground. The crowd followed the Plaintiff, who moved "directly in front" of Governor Baker's home where Department "officers" were positioned. At some point, several unidentified Crowd members touched Plaintiff with their bodies and a bullhorn. (Id. ¶ 10-13.). Further, at some point, the unidentified crowd members surrounded Plaintiff and proceeded to yell at her with bullhorns and pushed her. The Plaintiff identifies two individuals; namely, Stephen Ford ("Ford') and Joseph Antuan Castro Del Rio ("Del Rio") as holding a can of soda in the Plaintiff's face while restraining her in a headlock. (Id. ¶ 16-20.) Plaintiff claims that she then requested help from an unidentified Department "member" present who allegedly responded: "He can do that all day long if he wants." (Id. ¶ 21-22.) Plaintiff alleges the Department failed to stop and prevent her from being assaulted by unidentified crowd members, Ford, and Del Rio, and as a result she suffered Post Traumatic Stress Disorder. (Id. ¶¶ 16-17, 27-28.).

On December 29, 2023, the Plaintiff filed her complaint with this Court alleging one count of violation of 42 U.S.C. § 1983 and two (2) counts of negligence against the Department. Plaintiff served the Department on April 12, 2024. See Docket Entry #1, and Summons, a copy of which is attached hereto as Exhibit 1.

### III.  STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. 12(b)(6), a complaint must allege a set of facts "plausibly suggesting (not merely consistent with) an entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). For a complaint to be plausible, the "allegations must be enough to raise a right to relief above the speculative level." Id. at 555. Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d. 301, 305 (1st Cir. 2008). "The complaint must [also] allege facts, which, when taken as true, raise more than a speculative right to relief. Id. (internal citations omitted); Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir.2008).

Although a plaintiff in defending a motion under Rule 12(b)(6) need not provide specific facts in support of its allegations, *see* Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*per curiam*), it must include sufficient factual information to provide the grounds on which her claim rests, and to raise a right to relief above a speculative level. Twombly, 550 U.S. at 555–556 & n. 3. Although Federal Rule of Civil Procedure 8 may not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). What is demanded to survive a motion to dismiss is facial plausibility. Id. Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Ashcroft, 556 U.S. at 679. Moreover, "[d]eterming whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

The Court reviews a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) under the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). See, e.g., Puerto Rico Tel. Co. v. Telecomm. Regulatory Bd. of Puerto Rico, 189 F.3d 1, 14 n.10 (1st Cir. 1999) ("The standard of review is the same for failure to state a claim and for lack of jurisdiction."). The party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction. Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

"[A] motion to dismiss for improper service of process under Fed. R. Civ. P. 12(b)(5) challenges the 'mode of delivery.'" Connolly v. Shaw's Supermarkets, Inc. 355 F. Supp. 3d 9, 14 (D. Mass. 2018) (internal citations omitted). "Defendant bears the initial burden of showing service was improper…[o]nce adequately challenged, the burden shifts to plaintiff to show service was proper. Id.  According to Fed. R. Civ. P. 12(b)(5), "an action may be dismissed if the plaintiff fails to serve a copy of the summons and complaint on the defendant(s) pursuant to Rule 4." Barclay v. Michalsky, 451 F.Supp. 2d 386, 393 (D. Conn. 2006) (internal citation omitted). Pursuant to Rule 4(m), the court must dismiss the complaint if the defendant was not served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). However, if the Plaintiff demonstrates "good cause" for failing to timely serve the complaint, "the court must extend the time for service for an appropriate period." Id. See also Feliz v. MacNeill, 2012 WL 3590807 (1st. Cir. R. 32.1.0).

IV.     ARGUMENT

A. <u>PLAINTIFF'S CLAIMS PURSUANT TO M.G.L. C. 258, THE MASSACHUSETTS TORT CLAIMS ACT (COUNTS II AND III) MUST BE DISMISSED BECAUSE THIS COURT HAS NO JURISDICTION UNDER THE ELEVENTH AMENDMENT</u>

Counts II and III claiming that the Department was negligent must be dismissed under Rule 12(b)(1) and Rule 12(b)(6) because this Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment. The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment also bars suits brought for money damages in federal court against a state by its own citizens. <u>Hans v. Louisiana,</u> 134 U.S. 1, 10 (1890). In the absence of consent or abrogation, the Eleventh Amendment prohibits a federal court case in which the state or one of its agencies or departments is the named defendant. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). That immunity extends to any entity that is an "arm of the state." <u>Wojcik v. Massachusetts State Lottery Comm'n.</u>, 300 F.3d 92, 99 (1st Cir. 2002).

The Department of State Police, an agency of the Commonwealth[1], has not waived its Eleventh Amendment immunity with respect to tort claims. <u>Caisse v. Dubois</u>, 346 F. 3d. 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."); <u>Rivera v. Massachusetts</u>, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998) (Commonwealth has not waived it immunity from suit in federal court to tort claims pursuant to Chapter 258 and federal court lacks

---

[1] Department of State Police is a Massachusetts state agency within the Executive Office of Public Safety and Security. See M.G.L. c. 6A, § 18; M.G.L. c. 22C, § 2; and Complaint ¶ 5.

both original and supplemental jurisdiction over such claims). It is also well established that "[a] State's constitutional interest in immunity encompasses not merely whether it may be sued, but *where* it may be sued." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (emphasis added). Although Massachusetts has consented to suit under the Massachusetts Tort Claims Act in its own courts, it has not consented to suit in the federal courts. Mass. Gen. Laws c. 258, § 3; Caisse v. Dubois, 346 F.3d 213, 218 (1st Cir. 2003); Rivera v. Massachusetts, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998).

Accordingly, because the Eleventh Amendment bars the Plaintiff's tort claims against the Department, Counts II and III should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

B. COUNT I AGAINST THE DEPARTMENT MUST BE DISMISSED BECAUSE THE DEFENDANT IS NOT A PERSON SUBJECT TO SUIT UNDER 42 U.S.C. § 1983

The Plaintiff's civil rights claim under 42 U.S.C. § 1983 must also be dismissed because the Department is not a "person" subject to suit under 42 U.S.C. § 1983.

Clearly established Supreme Court precedent has determined that that neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983.[2] Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-71 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity…[w]e hold that neither a State nor its officials acting in their official capacities are "persons" under§ 1983"). The First Circuit

---

[2] 42 USC §1983 states, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.A. § 1983 (West).

has held that a Commonwealth state agency enjoys Eleventh Amendment immunity from a section 1983 claim.  Coggeshall v. Mass. Bd. Of Registration of Psychologists, 604 F.3d 658, 662 (1st Cir. 2010) (holding Massachusetts state board of registration of psychologists, as arm of state government, enjoyed Eleventh Amendment immunity from § 1983 suit seeking money damages); Santiago v. Keyes, 839 F.Supp.2d 421, 427-428 (D. Mass 2012), citing Quern v. Jordan, 440 U.S. 332, 341-342 (1979) and Beauregard v. Epstein, 1994 WL 523816, at 2 (D. Mass. 1994) ("The Department of State Police is entitled to sovereign immunity on Plaintiff's sections… 1983 and 1985 claims. The Supreme Court has made it clear that section 1983 does not abrogate a state's Eleventh Amendment immunity…[I]t is also undisputed that the Department of State Police is an arm of the State and, as such, is entitled to sovereign immunity and cannot constitute a "person" under section 1983.").

Count I of the complaint asserting claims under 42 U.S.C. § 1983 against the Department, are therefore subject to dismissal since the counts fail to state claims against the Department who is not a "person[s]" subject to suit under the section 1983 statute.

C. ALL COUNTS AGAINST THE DEPARTMENT SHOULD BE DISMISSED BECAUSE THE PLAINTIFF FAILED TO TIMELY SERVE THE DEFENDANT

Plaintiff filed the complaint on December 29, 2023. See Docket Entry #1. The Department was served with the complaint on April 12, 2024, which is one-hundred and five (105) days after Plaintiff filed the complaint and well beyond the 90 days within which a complaint must be served as required by Fed. R. Civ. P. 4(m). See Exhibit 1.  Accordingly, absent a showing of "good cause," the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

**VI    CONCLUSION**

WHEREFORE, for the foregoing reasons, the Department respectfully requests that this Honorable Court dismiss Counts I-III.

                      Respectfully submitted,
                      Defendant,

                      THE MASSACHUSETTS STATE POLICE,

                      By its Attorney,

                      Jennifer M. Staples
                      Special Assistant Attorney General

By:   *Keith Paquette*
                      Keith A. Paquette, BBO#683557
                      Office of the Chief Legal Counsel
                      Massachusetts State Police
                      470 Worcester Road
                      Framingham, MA 01702
                      (508) 820-2348
                      Keith.Paquette@pol.state.ma.us

Dated: May 2, 2024

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I, Keith A. Paquette, hereby certify, pursuant to Local Rule 7.1, that counsel for the Defendant Commonwealth conferred with counsel for Plaintiff on April 29, 2024 in an attempt to narrow the issues raised in the Motion prior to its filing.

                      /s/ Keith A. Paquette
                      Keith A. Paquette

### CERTIFICATE OF SERVICE

I, Keith A. Paquette, hereby certify that I have this day, May 2, 2024, served the foregoing document upon Plaintiff's counsel, by electronic filing through the Electronic Case Filing (ECF) system and electronic email at richard@chamberslawoffice.com.

                      /s/ Keith A. Paquette
                      Keith A. Paquette

# Exhibit 1

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MASSACHUSETTS

**DIANNA PLOSS**

*Plaintiff*

v.

**STATE POLICE, MASSACHUSETTS**

*Defendant*

Civil Action No.:
1:23−CV−13236−DLC

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
State Police, Massachusetts
470 Worcester Road
Framingham, Massachusetts 01702



A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) −−− or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) −−− you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Richard C. Chambers, Jr., Esq.
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**ROBERT M. FARRELL**

*CLERK OF COURT*

/s/ − Sophie Phillips

*Signature of Clerk or Deputy Clerk*

ISSUED ON 2024−01−02 12:19:58, Clerk USDC DMA