UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

DIANNA PLOSS,

       Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF
STATE POLICE,

       Defendant.

Docket No.: 1:23-cv-13236-DLC

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Now comes the Plaintiff, Dianna Ploss (hereinafter, the "Plaintiff"), and hereby submits this Opposition to the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12 (b)(1), 12(b)(5), 12(b)(6) filed on May 2, 2024, by the Defendant, Massachusetts Department of State Police (hereinafter, the "Defendant") and respectfully requests that Defendant's Motion to Dismiss be denied.

## LEGAL STANDARD

The Defendant has moved, pursuant to Federal Rules of Civil Procedure 12 (b)(1), 12(b)(5), 12(b)(6) to dismiss the Plaintiff's Complaint. Plaintiff respectfully opposes Defendant's Motion to Dismiss and submits that it should be denied for the following reasons.

When deciding a Motion to Dismiss under Rule 12(b)(6), a court must "construe all factual allegations in the light most favorable to the non-moving party to determine if there exists a plausible claim upon which relief may be granted". *Tomasella v. Nestle USA, Inc.,* 962 F.3d 60, 70 (1st Cir. 2020).

"A judge must accept as true all of the factual allegations contained in the complaint."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court's function on a Motion to Dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

"A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"As a general rule, a court freely grants leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)." *Forbes v. Cnty. of San Diego*, Case No. 20-cv-00998-BAS-JLB, 4 (S.D. Cal. Mar. 4, 2021).

The Federal Rules of Civil Procedure 8(a)(2) states in relevant part that a complaint must contain "a short and plain statement of the claim" showing that the party pleading is entitled to relief. Further, neither a "detailed factual allegation" or an "exposition of [plaintiff's] legal argument" are required" *Chalifoux v. Chalifoux*, Case No. 14-cv-136-SM at *2 (D.NH Ap 25, 2014), *Santiago v. Puerto Rico*, 655 F3d 61,72 (1st Cir 2011) and *Skinner v. Switzer*, 131 S.Ct. 1289, 79 L.Ed.2d 233, 242 (2011).

The Court is required to take all facts alleged in the Complaint as true and draw all reasonable inferences in Plaintiff's favor as well as look at all facts alleged in the pleadings submitted, including documents attached as Exhibits. *Vierra v. First American Title Company*,

668 F. Supp. 2d 282, 289 (D. Mass. 2009), citing *Declude, Inc., v. Perry*, 593 F.Supp. 2d, 290,

294 (D. Mass. 2008) and *Phoung Luc*, 496 F3d at 88. The Court "may consider not only the

complaint but also 'facts extractable from documentation annexed to or incorporated by

reference in the complaint...' *Jefferson v. Ansari*, USDC for RI, C.C. No 17-439WES D.R.I

Nov. 4, 2019) citing *Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 35 (1sr Cir. 2009). "In doing

so, the complaint should be read holistically with a heavy dose of common sense. *Jefferson*,

citing *Rodrigues-Vives v. P.R. Firefighters Corps of P.R.*, 743 F.3d 278.

## PROCEDURAL BACKGROUND

Plaintiff's Complaint was filed on December 29, 2023. The Defendant was served on

April 12, 2024. On May 2, 2024, the Defendant filed its 12(b) Motion to Dismiss and supporting

Memorandum.

### I.       Counts II and III of the Plaintiff's Complaint should not be dismissed.

The Defendant argues that Count II (Negligence) and Count III (Negligent Infliction of

Emotional Distress) must be denied. The Plaintiff submits that these Counts are valid and must

survive the Motion to Dismiss.

Plaintiff contends that the Defendant owed her a duty of care and breached that duty by

failing to protect Plaintiff, denying her Constitutional rights. This breach was the direct and

proximate cause of the injuries she sustained and continues to suffer from.

Moreover, taking all allegations made in the Complaint as true, it is abundantly clear that

the Defendant knew, or should have known, that emotional distress was likely to result due to the

State Troopers' misconduct.

Based on the above, the Plaintiff submits that Counts II and III should not be dismissed at

this time because her allegations are factual.

## II.     Count I of the Plaintiff's Complaint should not be dismissed.

Section 1983 states in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

The Plaintiff in this case submits that she qualifies as "every person", the Defendant's agents were operating "under color of" the laws, etc. and the Defendant is being charged with violating the Plaintiff's constitutional rights to free exercise of speech and assembly. Due to the Defendant's indifference while operating under the color of the laws, Plaintiff was placed in imminent fear for her life and safety. Plaintiff submits that her Complaint makes sufficient allegations with facts in support of her § 1983 claims, and this matter should be allowed to proceed to discovery in order to further support Plaintiff's claims.

## III.     The Complaint should be deemed timely served and should not be dismissed.

Defendant claims that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process because Plaintiff failed to serve it within the ninety (90) days as required under Fed. R. Civ. P. 4(m).

Plaintiff respectfully submits that good cause exists for the delay of serving the Complaint on Defendant. Plaintiff submits that excusable neglect exists in this matter, and in the interests of justice, service should be deemed sufficient, or an extension of time should be granted.

The Complaint in this instant action was filed on December 29, 2023. Service of the Complaint upon the Defendant was due on or before March 28, 2024. The Defendant was served on April 12, 2024, fifteen (15) days after the 90-day deadline to serve. Plaintiff submits that the

4

Summons, Civil Cover Sheet and Complaint and Jury Trial Demand was mailed to the Middlesex County Sheriff's Office on March 12, 2024, sixteen (16) days prior to the 90-day service deadline of March 28, 2024, to effectuate service upon the Defendant. Plaintiff, in good faith, attempted to timely serve the Defendant, however, the Defendant was not served until one (1) month after the Summons, Civil Cover Sheet and Complaint and Jury Trial Demand were sent to the sheriff's department. In addition, Plaintiff contends that there is in fact no prejudice to Defendant because of any slight delay in service.

When a plaintiff files a complaint within the statute of limitations but fails to have the process issued and served within the required time parameters, an extension of time for service of process may be granted if a trial court finds excusable neglect.

The Court must extend the time for service beyond ninety (90) days if Plaintiff shows good cause. "At a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "Good cause generally means that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998). The Ninth Circuit has noted that "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). An extension of time for service may be retroactive. *Wright v. City of Santa Cruz*, 2014 WL 3058470, at *7 (N.D. Cal. July 3, 2014); *Fleming v. Colvin*, Case No. 16-CV-00162-LHK (N.D. Cal. Jun. 13, 2016).

5

## PLAINTIFF'S REQUEST TO AMEND COMPLAINT

In the alternative, should this Court deny Plaintiff's request and allow the Defendant's

Motion to Dismiss, she respectfully prays that this Honorable Court allow her to file an Amended

Complaint.

## CONCLUSION

WHEREFORE, based upon the foregoing, Plaintiff respectfully submits that Defendant's

Motion to Dismiss should be denied, in the interests of justice, or in the alternative, this

Honorable Court should grant Plaintiff leave to file an Amended Complaint.

> Respectfully submitted,
> The Plaintiff,
> Dianna Ploss,
> By her attorney,

DATED: May 16, 2024

> */s/ Richard C. Chambers, Jr., Esq.*
> Richard C. Chambers, Jr., Esq.
> BBO#: 651251
> Chambers Law Office
> 220 Broadway, Suite 404
> Lynnfield, MA 01940
> Office: (781) 581-2031
> Cell: (781) 363-1773
> Fax: (781) 581-8449
> Email: Richard@chamberslawoffice.com

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel hereby certifies that co-counsel for the Plaintiffs conferred with counsel for the Defendant in good faith attempted to resolve or narrow the issues presented in this motion.

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

DATED: May 16, 2024

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.