UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIANNA PLOSS,

     Plaintiff,

     v.

MASSACHUSETTS DEPARTMENT
OF STATE POLICE,

     Defendant.

CIVIL ACTION NO:
1:23-CV-13236-DLC

CABELL, U.S.M.J.

     Plaintiff Dianna Ploss has brought suit against the Massachusetts Department of State Police (defendant or the State Police) for its alleged failure to intervene and protect her from an assault and battery she endured during a protest rally. The defendant moves to dismiss. (D. 5). For the reasons stated below, the motion will be allowed.

**RELEVANT FACTS AND BACKGROUND**

     The complaint's allegations are taken as true for purposes of the motion to dismiss. On January 2, 2021, the plaintiff attended a weekly rally that took place directly across the street from the home of former Massachusetts Governor, Charles Baker, in Swampscott, Massachusetts. (D. 1. Complaint, ¶ 8-9). While at this rally, the plaintiff was approached by a group of about

- 1 -

fifteen people, and one of those people knocked her tripod and camera to the ground. (*Id.* ¶ 10).

The Plaintiff moved from across the street to the front of Governor Baker's house, where several State Police officers were located. (*Id.* ¶ 11). At one point, the group of fifteen people also crossed the street and ended up in front of Governor Baker's house. (*Id.* ¶ 12). The group of people increased in size and surrounded the plaintiff and a few other people, yelling at them with bull horns and pushing them. (*Id.* ¶ 13-16). The State Police officers in the area did not intervene. (*Id.* ¶ 17).

At one point, two individuals in the group surrounding the plaintiff held a full twenty-four ounce can of Twisted Tea in the Plaintiff's face and restrained her in a headlock for approximately eight minutes. (*Id.* ¶ 20). The State Police officers still did not intervene. When the plaintiff requested their help, an unidentified officer responded with respect to the man who had put the plaintiff in a headlock, "He can do that all day long if he wants." (*Id.* ¶ 22-23).

Against this backdrop, the complaint asserts three claims. Count I alleges that the State Police deprived the plaintiff of her first amendment rights to free speech and assembly, in violation of 42 U.S.C. § 1983. Count II alleges that the defendant was negligent in failing to train and monitor its officers and in performing its duty to protect her. Finally, Count III alleges

that the defendant's conduct amounts to negligent infliction of
emotional distress.  The defendant moves to dismiss the complaint
for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (Rule
12(b)(1)), for deficient service pursuant to Fed. R. Civ. P.
12(b)(5) (Rule 12(b)(5)), and for failure to state a valid claim
pursuant to Fed. R. Civ. P. 12(b)(6) (Rule 12(b)(6)).

## LEGAL STANDARD

"When faced with motions to dismiss under both 12(b)(1) and
12(b)(6), a district court, absent good reason to do otherwise,
should ordinarily decide the 12(b)(1) motion first." *Ne. Erectors
Ass'n v. Sec'y of Labor*, 62 F.3d 37, 39 (1st Cir. 1995).

When considering a motion to dismiss for lack of subject
matter jurisdiction, the party invoking the jurisdiction of a
federal court "carries the burden of proving its existence." *Muniz
v. Miller*, No. 23-cv-11075-DJC, 2024 WL 624827, at *1 (D. Mass.
Feb. 14, 2024) (internal citations omitted).  If a party seeking
to invoke federal jurisdiction fails to show the basis for that
jurisdiction, the court must grant the motion to dismiss. *Murphy
v. Bernier*, 735 F.Supp.3d 55, 59-60 (D. Mass. 2024) (internal
citations and quotations omitted)*.*

On a motion to dismiss for failure to state a claim pursuant
to Rule 12(b)(6), the court must "construe the complaint liberally,
treating all well-pleaded facts as true and indulging all
reasonable inferences in favor of the plaintiff." *Aversa v. United*

*States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996).  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**<u>DISCUSSION</u>**

The State Police argues that the court lacks subject matter jurisdiction over the entire complaint because it is immune from suit under the Eleventh Amendment to the U.S. Constitution.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The amendment "has been construed to bar all suits against a state for damages in the federal courts, regardless of the citizenship of the plaintiff."  *Cline v. Burke*, 682 F. Supp. 3d 125, 131 (D. Mass. 2023) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Notably, as a state agency, the State Police enjoys Eleventh Amendment immunity as well.  *See e.g.*, *Wolski v. Gardner Police Dep't*, 411 F. Supp. 3d 187, 192 (D. Mass. 2019) (dismissing all claims against Massachusetts State Police as a state agency on sovereign immunity grounds (citing *Santiago v. Keyes*, 839 F. Supp. 2d 421, 427-28 (D. Mass. 2012)); *Beauregard v. Epstein*, 1994 WL

523816, at *2 (D. Mass. Sept. 19, 1994) ("Defendant, State Police, is considered an arm of the State and is, therefore, immune from federal suit under the Eleventh Amendment to the United States Constitution.").

To be sure, sovereign immunity is not absolute and the Eleventh Amendment has two essential exceptions. "First, Congress may abrogate a State's immunity by expressly authorizing such a suit pursuant to a valid exercise of power. Second, a State may waive its sovereign immunity by consenting to be sued in federal court." *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) (citations omitted). But, Eleventh Amendment immunity is jurisdictional in nature, and "absent waiver, neither a State nor its agencies acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy Inc.*, 506 U.S. 139, 144 (1993). In this regard, any waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Here, the State Police as noted is an arm of the state and is thus protected by Eleventh Amendment immunity, unless one of the exceptions applies.

<u>Count I – 42 U.S.C. § 1983</u>

Count I alleges that the State Police violated the plaintiff's First Amendment rights, in violation of 42 U.S.C. § 1983. As a threshold matter, section 1983 does not apply to state agencies. To state a valid claim under § 1983, a complaint must allege that

a "person" acting under color of state law deprived the plaintiff of "rights, privileges or immunities secured by the constitution." 42 U.S.C. § 1983.  It is well-settled, however, that neither a state nor its agencies are "persons" within the meaning of § 1983. *See Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 & n.6 (1st Cir. 2009); *Brady v. Dill*, 24 F. Supp. 2d 129, 130 (D. Mass. 1998) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)); see also *Cook v. McLaughlin*, 917 F. Supp. 79, 82 (D. Mass. 1996).  Thus, Count I is subject to dismissal under Rule 12(b)(6) for failure to state a valid claim for relief.

Regardless, Congress has not abrogated, and Massachusetts has not waived, the Commonwealth's Eleventh Amendment immunity for civil rights claims brought under 42 U.S.C. § 1983.  *See Will*, 491 U.S. at 66; *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 662 (1st Cir. 2010).  Count I would thus alternatively be subject to dismissal under Rule 12(b)(1) for lack of jurisdiction.

Counts II and III – Negligence Claims

Counts II and III assert state common law claims for negligence and negligent infliction of emotional distress, respectively, ostensibly in accordance with the Massachusetts Tort Claims Act (MTCA), M.G.L. c. 258.  However, the Commonwealth has not waived its sovereign immunity for violations of state law. The MTCA does provide a limited waiver of the Commonwealth's

sovereign immunity for certain tort claims, *see* M.G.L. c. 258, §
2, but that waiver does not apply to suits brought under the
statute in federal court. *Caisse v. DuBois*, 346 F.3d 213, 218
(1st Cir. 2003) ("By enacting the [MTCA], the Commonwealth has not
waived its Eleventh Amendment immunity to suit in federal court.");
M.G.L. ch. 258, § 2.    Indeed, the MTCA provides that, the
Massachusetts Superior Courts have "exclusive jurisdiction over
claims brought under the statute." *Morrissey v. Massachusetts*,
No. 18-11386-MBB, 2022 WL 1463051, at *13 (D. Mass. May 9, 2022)
(quoting *Wolski*, 411 F. Supp. 3d at 193).    In short, the
Commonwealth has not waived its immunity for claims of negligence
in federal court.    Counts II and III are therefore subject to
dismissal under Rule 12(b)(1) for lack of subject matter
jurisdiction.

## CONCLUSION

For the foregoing reasons, Count I is dismissed for failure to state a valid claim pursuant to Rule 12(b)(6), and alternatively for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Further, Counts II and III are dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Accordingly, the defendant's motion to dismiss the complaint (D. 5) is **ALLOWED**.[1]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  March 19, 2025

---

[1] Because the court dismisses the complaint on the grounds noted above, it is not necessary to consider the defendant's additional argument that the complaint should be dismissed for insufficient service under Rule 12(b)(5).